In the Matter of the Application for the Appointment of a Committee of the Person and Property of SARAH CONDON WELCH, an Alleged Incompetent Person.— Order confirming findings of the jury and appointing committees, etc., modified on the facts as matter of discretion by reducing the allowance of costs and counsel fees from $1,200 to $700 and as modified affirmed, without costs of this appeal to either party. Order denying motion for a new trial affirmed, without costs. Memorandum: The order before us, made in a proceeding instituted by a town welfare officer under section 1359 of the Civil Practice Act, confirms the finding of a jury that the respondent is incompetent to manage herself or her affairs in consequence of imbecility arising from old age or loss of memory or understanding. Upon the record of proof the question of fact thus determined is not free from doubt. It was resolved by the jury favorably to the petitioner after a five days' trial during which the factfinders had ample opportunity to observe the respondent and her witnesses and the petitioner's witnesses who testified as to her incompetency. In denying the respondent's motion to set aside the verdict and for a new trial the trial justice had a like opportunity which the trial had afforded and in addition the advantage of having questioned the respondent at length at a preliminary hearing at which she voluntarily appeared for an examination, the minutes of which were received in evidence upon the trial which followed. Under these circumstances and upon an examination of the record we cannot substitute our judgment for that of the jury upon the single question of fact which it was called upon to determine. Nor do we think the trial justice erred either in denying respondent's motion for a new trial or in the rulings which the respondent as an appellant before us has challenged. All concur, except Cunningham, J., who dissents and votes for reversal and for granting a new trial upon the ground that the verdict of the jury is against the weight of the evidence. (One order confirms the findings of a jury as to the incompetency of Sarah Condon Welch and appoints committees of her person and property; the other order denies a motion by the alleged incompetent to set aside the verdict of the jury and for a new trial.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

VINCENT E. FISHER, Respondent, v. CITY OF BATAVIA and MARINE TRUST COMPANY OF BUFFALO, Appellants.— Judgment affirmed, with costs. Memorandum: From our examination of the record, we are of the opinion that the evidence supports the jury's finding of negligence on the part of both defendants and of plaintiff's freedom from contributory negligence. We are also of the opinion that the court did not err either in refusing to compel plaintiff to elect between the charges of negligence and nuisance, which are set forth in his complaint, before submission of the case to the jury, or in submitting the case to the jury under the law of negligence. (*Klepper* v. *Seymour House Corp.*, 246 N. Y. 85, 92; *McFarlane* v. *City of Niagara Falls*, 247 id. 341.) All concur. (The judgment is for plaintiff in a negligence action.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.